JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Dennis Miller appeals from his guilty plea and sentence. He assigns the following errors for our review:
 {¶ 2} "I. The trial court denied the defendant his due process rights under the United States Constitution as incorporated in theFourteenth Amendment and Criminal Rule 11(C) when it accepted his plea without determining whether he understood the nature of the charges against him."
 {¶ 3} "II. The trial court erred in not properly considering the serious and less serious factors in R.C. 2929.12(B) and (C) in imposing sentence."
 {¶ 4} Having reviewed the record and pertinent law, we affirm Miller's plea and sentence. The apposite facts follow.
 {¶ 5} Miller was indicted by the grand jury in a six-count indictment. Each count charged the offense of deception to obtain a dangerous drug, in violation of R.C. 2925.22, a felony of the fifth degree.
 {¶ 6} Miller entered a guilty plea to one count of deception to obtain a dangerous drug. The remaining counts were nolled. He was sentenced to nine months in prison.
 {¶ 7} Miller contends in his first assigned error the trial court failed to determine if he understood the nature of the charge prior to accepting his plea as required by Crim.R. 11(C)(2)(a).
 {¶ 8} Where a challenge to a plea involves the trial court's failure to instruct the defendant about nonconstitutional matters, the trial court need only substantially comply with Crim.R. 11(C).[1]
Substantial compliance means that under the totality of the circumstances, the defendant objectively understands the implication of his plea and the rights he is waiving.[2] "A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, or voluntarily made must show prejudicial effect."[3]
 {¶ 9} Courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges.[4]
 {¶ 10} The record herein shows Miller understood the nature of the charge against him. Miller was advised of the charge when the prosecutor set forth the pending charges against Miller and informed the court that Miller had agreed to enter a guilty plea to one count of deception to obtain a dangerous drug pursuant to R.C. 2925.22. The trial court informed Miller he was pleading to the charge of deception to obtain a dangerous drug and informed him of the possible terms of incarceration. The trial court then asked Miller if he understood the nature of the charge and Miller responded he did. Finally, Miller's counsel indicated that after having numerous conversations with Miller, he believed the plea was being entered in a knowing and intelligent fashion and that all the requirements of Crim.R. 11 had been complied with by the trial court.
 {¶ 11} Nothing in the record indicates that Miller did not understand the nature of the charge to which he pled. We therefore conclude that based on the totality of the circumstances, Miller's guilty plea was knowingly, voluntarily and intelligently entered into. Accordingly, his first assigned error is overruled.
 {¶ 12} In his second assigned error, Miller argues the trial court erred by failing to review the R.C. 2929.12 seriousness and recidivism factors prior to imposing its sentence for the fifth degree felony.
 {¶ 13} When considering the seriousness and recidivism factors under R.C. 2929.12, the Ohio Supreme Court has specifically held the sentencing judge is not required to use specific language or make specific findings in order to evince the requisite consideration of the applicable factors.[5] "In substance, the Supreme Court has made it clear that as long as the record demonstrates the factors were considered, the sentence is not infirm."[6]
 {¶ 14} The trial court in the instant case, referenced Miller's thirteen year history of criminal convictions, including aggravated burglary with menacing; leaving the scene of an accident; failure to comply with the order or signal of a police officer; carrying a concealed weapon; shoplifting; burglary with a violence specification; vandalism with a violence specification; forgery with a violence specification; uttering and theft; illegal manufacture of explosives; and, multiple citations for driving without a license. For all the above offenses, Miller had received probation, except for the aggravated burglary charge. Miller violated his various probations multiple times and when he committed the instant charge, he was on probation for driving without a license. Therefore, the recidivism factors pursuant to R.C.2929.12(D)(1)(2) and (3) were satisfied.
 {¶ 15} The trial court also noted that Miller, thirty-one years old, had a drug problem since he was fourteen-years old. (R.C.2929.12(D)(4)). The court found that he was also a danger because he not only abused street drugs, but also prescription drugs. A week prior to the sentencing hearing, which was well after he had entered a guilty plea, he had tested positive for cocaine.
 {¶ 16} The record therefore indicates the trial court considered the recidivism factors pursuant to R.C. 2929.12(D).
 {¶ 17} None of the factors pursuant to R.C. 2929.12(B), indicating an offender's conduct is more serious than usual, apply and therefore did not require consideration by the court. As Miller points out, some of the "less serious factors" pursuant to R.C. 2929.12(C) are present based on the fact Miller, a drug addict, acted under strong provocation (R.C.2929.12(C)(2)), and the only victim in this case was Miller himself, since he did intend to sell the drugs (R.C. 2929.12(C)(3). Although Miller contends the trial court failed to consider these factors, it did consider them because they were brought to the court's attention at the sentencing hearing. The sentencing judge has the discretion in deciding what weight to apply to particular sentencing factors.[7] We cannot conclude in the instant case that the trial court abused its discretion by finding that the "less serious" factors were outweighed by the recidivism factors.
 {¶ 18} Because we find the trial court adequately considered the seriousness/recidivism factors under R.C. 2929.12, we affirm the trial court's sentence.
 {¶ 19} Accordingly, Miller's second assigned error is overruled.
 {¶ 20} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, Jr., and Anthony O. Calabrese, Jr., JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] State v. Stewart (1977), 51 Ohio St.2d 86.
[2] State v. Nero (1990), 56 Ohio St.3d 106, 108.
[3] Id.
[4] State v. Carpenter (June 12, 2003), Cuyahoga App. No. 81571; Statev. Mullins (Dec. 7, 2000), Cuyahoga App. No. 77513; State v. Kavlich
(June 15, 2000), Cuyahoga App. No. 77217; State v. Rainey (1982),3 Ohio App.3d 441; State v. Burns (June 11, 1998), Cuyahoga App. No. 72412.
[5] State v. Arnett (2000), 88 Ohio St.3d 208, 215,2000-Ohio-302.
[6] State v. Dutkig, Cuyahoga App. No. 79517, 2002-Ohio-3770.
[7] State v. Arnett, 88 Ohio St.3d at 215.