JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Cedric Leonard, appeals his conviction for burglary and felonious assault and the subsequent sentence imposed. After a thorough review of the arguments presented and for reasons set forth below, we affirm appellant's conviction, vacate his sentence and remand for resentencing.
 {¶ 2} On August 1, 2003, the appellant was charged with two counts of aggravated burglary, two counts of felonious assault and one count of attempted murder. On August 3, 2003, he was arraigned and pleaded not guilty to the charges against him. On September 30, 2003, after a series of pretrial conferences, the appellant pleaded guilty to one count of burglary, a felony in the second degree, and one count of felonious assault, also a felony in the second degree. On November 17, 2003, he was sentenced to a two-year term of incarceration for burglary and an eight-year term for felonious assault, to run concurrently.
 {¶ 3} The event that gave rise to the charges against the appellant occurred on July 22, 2003. On that day, the appellant broke into victim Stephanie Godfrey's home and stabbed her several times. The victim and the appellant had previously dated each other and were the parents of a young daughter, who resided with the victim. The appellant and the victim had also lived together until police removed the appellant from the home on July 4, 2003 after he threatened the victim with a knife. On the day of the stabbing, the victim was providing childcare to her daughter and six other children in the daycare center she operated in her home. At approximately 2:00 p.m., the victim's daughter told her that the appellant was inside the home. The victim walked upstairs to see why the appellant was in her home and discovered that the appellant was waiting for her at the top of the stairs and was holding a large butcher knife. As the victim stood on the stairs, the appellant proceeded to stab her, while their daughter and another child who attended the daycare center looked on. As a result of the stabbing, the victim received deep lacerations to her hands, face and the back of her neck, and her daughter, who witnessed the stabbing, was severely traumatized.
 {¶ 4} The appellant now brings this appeal asserting four assignments of error for our review.
 {¶ 5} "I. "The standard for determining competency to stand trial is the same as the standard for determining competency to enter a guilty plea. The record reflects defendant suffered past severe brain trauma which prevented him from assisting in his own defense. The trial court erred in continuing to accept defendant's guilty plea after it learned of the accused's cognitive disorder which precluded him from assisting in his own defense or voluntarily entering a guilty plea."
 {¶ 6} The appellant argues that the trial court erred when it accepted his guilty plea. More specifically, he asserts that he suffered severe brain trauma because of two prior head injuries and, as a result, developed a cognitive disorder, which prevented him from remembering the crime he committed against the victim. The appellant argues that, because of his memory loss, he was unable to assist in his own defense, or voluntarily enter a guilty plea.
 {¶ 7} With respect to an individual's competence to enter a guilty plea, this court has previously held, in State v. HaidongTong (March 10, 1994), Cuyahoga App. No. 64903, that the standard used to determine competency to stand trial would serve as the same standard to determine an individual's competence to enter a guilty plea. The United States Supreme Court, in Duskyv. United States (1960), 362 U.S. 402, 80 S.Ct. 788,4 L.Ed.2d 824, set forth the test to resolve whether a defendant is competent to stand trial. It stated that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Id. at 402.
 {¶ 8} The appellant argues that his head injuries affected his memory, thus impacting his competence to enter a valid guilty plea. We do not agree. In order for a defendant to enter a valid guilty plea, all that is necessary is that he have a present ability to consult with his attorney and that he have a rational and factual understanding of the proceedings against him. There is no requirement that a defendant remember the crime for which he is charged. It is often the case that defendants are in some way impaired when they commit a crime and, as a result, do not recall certain details of the crime, or even the crime itself; however, this does not negate their competency to enter a valid guilty plea. When entering a guilty plea, it is the defendant's present state of mind that is at issue, not his past state of mind.
 {¶ 9} It is clear from the record that the appellant was competent to enter a valid plea. There is no indication that he was unable to consult with his attorney, or that he did not have a rational or factual understanding of the proceedings against him. The record indicates that the appellant was represented by his attorney at the sentencing hearing and even communicated directly with the trial court. The record also indicates that the appellant was fully aware of the charges against him and responded to those charges during the sentencing hearing, even apologizing for his actions against the victim.
 {¶ 10} Although the appellant asserts that he has no memory of the crime he committed, his memory loss did not prevent him from entering a valid guilty plea. Accordingly, the trial court was not in error when it accepted the appellant's guilty plea, and the appellant's first assignment of error is without merit.
 {¶ 11} "II. "The determinations a trial court makes under Ohio Revised Code 2929.14(C) to impose a maximum sentence are subjective in nature. Defendant pleaded `guilty' to statutory language of the charges. The trial court erred when it reasoned a maximum sentence was appropriate based on objective `facts' found at the sentencing hearing in which the rules of evidence do not apply."
 {¶ 12} The appellant argues that the trial court erred when it determined that a maximum sentence was appropriate based on objective facts found at the sentencing hearing. He asserts that the trial court's decision was not in accordance with R.C.2929.14 because the trial court did not adequately state its reasons on the record for imposing the maximum sentence.
 {¶ 13} The Ohio Supreme Court's recent decision in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856, renders the appellant's second assignment of error without merit for purposes of this appeal. In Foster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(E)(4),2929.41(A), R.C. 2929.14(B) and (C), and 2929.19(B)(2), which are at issue in this appeal, and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences.Foster, supra.
 {¶ 14} Because appellant's sentence was based on unconstitutional statutes, it is deemed void. Therefore, in accordance with the decision in Foster involving appeals with sentencing claims pending on review, we vacate the appellant's sentence and remand this case to the trial court for a new sentencing hearing.
 {¶ 15} "III. "Defendant has a right to respond to any new material facts contained in the Victim's Impact Statement or they shall not be considered; moreover, a trial court is required to offer defense an opportunity to speak after announcing its findings. The court erred in both considering new material facts and proceeding to pronounce sentence without a meaningful opportunity for defense to respond."
 {¶ 16} The appellant argues that the trial court erred when it proceeded to sentencing without affording him a reasonable opportunity to respond to the material facts contained in the victim impact statement. Specifically, he argues that the trial court was not in compliance with the mandates of R.C.2929.19(A)(1) and R.C. 2930.14(B) when it failed to give him an opportunity to respond.
 {¶ 17} R.C. 2929.19(A)(1) states in pertinent part:
 {¶ 18} "The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 and 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender."
 {¶ 19} R.C. 2930.14(B) further defines the court's ability to consider testimony at sentencing:
 {¶ 20} "The court shall consider a victim's statement made under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant or alleged juvenile offender an adequate opportunity to respond to the new material facts."
 {¶ 21} The appellant argues that he was not afforded an opportunity to respond to the victim's impact statement; however, the record indicates otherwise. After the victim made her statement to the trial court, the following exchange occurred between the trial judge and the appellant:
 {¶ 22} "THE COURT: What would you like to say Mr. Leonard?
 {¶ 23} "THE DEFENDANT: I'm sorry for everything that happened. If I could take it all back, I would. Just something that came over me. I can't help this." (Tr. 35.)
 {¶ 24} It is clear from the exchange between the court and the appellant that he was given an adequate opportunity to respond to the victim's statements and in fact utilized that opportunity. In accordance with R.C. 2929.19(A)(1) and2930.14(B), the trial court considered the victim's statement and immediately afforded the appellant an opportunity to respond. Accordingly, the trial court was not in error when it considered the information contained in the victim's impact statement, and the appellant's third assignment of error is without merit.
 {¶ 25} "IV. "Effective assistance of counsel is measured against an objective reasonableness standard and resulting prejudice to the client. The Public Defender advised or allowed a client whom he knew could not remember facts of the crime to plead guilty; he also failed to correct obvious and glaring errors in the findings of the court at sentencing. Defendant received the maximum sentence on his first offense."
 {¶ 26} Here the appellant argues that his attorney was ineffective because he allowed appellant to enter a guilty plea when he was aware that the appellant did not remember the crime because of past head trauma. The appellant asserts that his attorney was also ineffective because he failed to correct the trial court's errors at sentencing, resulting in imposition of the maximum sentence.
 {¶ 27} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington
(1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 28} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
 {¶ 29} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, that:
 {¶ 30} "`When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle
(1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington
(1984), 466 U.S. 668. * * *
 {¶ 31} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981).'Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *." Id.
 {¶ 32} The appellant asserts that his attorney's representation was ineffective; however, he has not satisfied his burden of proof. As previously discussed in the appellant's first assignment of error, the issue regarding his competence to enter a guilty plea is a non-issue because the appellant's head injuries did not affect his competence to enter a plea. After a thorough evaluation of the appellant's psychiatric report, the trial court concluded that the appellant's head injuries did not affect his ability to enter a plea. The trial court also discovered that the appellant's only physical ailment is headaches, which condition does not mitigate his guilt. Appellant does not suffer from a mental disorder so debilitating that it would affect his ability to enter a valid guilty plea. Thus, the appellant's attorney was not ineffective when he counseled the appellant to enter a guilty plea.
 {¶ 33} The appellant also argues that his counsel was ineffective for failing to correct obvious errors of the court, which resulted in his receipt of the maximum sentence. The errors that the appellant refers to are in the court's evaluation of the victim impact statement and the testimony of various witnesses, including the victim's parents and the police officer that responded to the scene of the crime. The appellant asserts that these evaluations were erroneous; thus his counsel was ineffective for failing to object to their admission. This court does not agree. The information contained in the victim impact statement, as well as the testimony of the victim's parents and the reporting police officer, was information the trial court was entitled to evaluate when sentencing the appellant.
 {¶ 34} Pursuant to R.C. 2929.19 and 2930.14, when an individual is sentenced, the trial court may evaluate all relevant information to determine the appropriate sentence, as long as the defendant is given an opportunity to respond to that information. The information given to the trial court by the victim, her parents and the reporting officer was relevant to sentencing; therefore, the trial court had a right to consider it. The trial court was also in compliance with R.C. 2929.19 and R.C. 2930.14 when it gave the appellant an opportunity to respond. Accordingly, the appellant's attorney was not ineffective when he failed to object to this admissible testimony.
 {¶ 35} The appellant has not satisfied his burden with respect to his claim of ineffective assistance of counsel. He has failed to show that his attorney's performance was seriously flawed. He has also failed to show that, but for his attorney's performance, the outcome of the proceeding would have differed. The appellant was competent to enter a guilty plea, and the trial court was entitled to evaluate the testimony of the victim and witnesses in determining the appellant's sentence. Thus, the appellant's attorney was not ineffective in his representation, and the appellant's fourth assignment of error is without merit.
 {¶ 36} Conviction affirmed, sentence vacated and cause remanded for resentencing.
 {¶ 37} This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and McMonagle, J., Concur.