DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas, wherein appellant, Jacobo S. Rocha, pled guilty to a charge of burglary, a violation of R.C.2911.12(A)(3), a felony of the third degree. Appellant was sentenced to three years in prison.
 {¶ 2} Appellant was appointed counsel for the purposes of this appeal. Appellant's counsel, however, submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. Pursuant toAnders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so *Page 2 
advise the court and request permission to withdraw. Id. at the syllabus. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements are satisfied, the appellate court is required to conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 3} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Although notified, appellant never raised any matters for our consideration. Accordingly, we shall proceed with an examination of the arguable assignments of error set forth by counsel for appellant, and of the entire record below, in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 4} Counsel for appellant asserts, in compliance with the mandatesof Anders, two potential assignments of error:
 {¶ 5} "Whether the trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.12 and 2929.14 for the sentencing of the Defendant." [sic] *Page 3 
 {¶ 6} "Whether the Appellant was prejudiced by the malfunction of the recording system that made the sentencing hearing unavailable." [sic]
 {¶ 7} In appellant's first possible assignment of error, appellate counsel contends that the trial court erred because the judge failed, under R.C. 2929.14 and 2929.12, to make required findings and the reasons supporting those findings at appellant's sentencing hearing. He concludes, nonetheless, that he had discussions with appellant's trial counsel and with appellant and was told that the court below made all of the necessary findings at the sentencing hearing.
 {¶ 8} Appellant's sentencing hearing, which was held on January 5, 2006, occurred before the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Foster was released on February 27, 2006, and is applicable to all cases, including those pending on direct review, after that date. Id. at ¶ 106.
 {¶ 9} The Foster court held that certain provisions of the Ohio statutes governing the imposition of a sentence on a criminal offender are unconstitutional because they require a court to engage in judicial fact finding, thereby depriving the offender of the right to a jury trial. Id. Nevertheless, the Foster court concluded that R.C. 2929.12
was not unconstitutional because it only requires a court to consider (rather than engage in judicial fact finding) the general guidance factors in R.C. 2929.12 in imposing sentence. Id. at ¶ 38.
 {¶ 10} With regard to specific sections of R.C. 2929.14, the Foster court held that they were unconstitutional because they required a sentencing court to engage in *Page 4 
impermissible fact finding when imposing sentence. See, e.g.,Foster at paragraph three of the syllabus ["Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."]. If the court does make such findings, its sentence is void, the sentence must be vacated, and the case remanded to the trial court for re-sentencing. Id. at ¶ 103 and 104.
 {¶ 11} In the cause sub judice, a review of the trial court's journal entry on sentencing reveals that the court found that appellant was not amenable to community control for "reasons set forth on the record" and imposed a three year sentence on appellant. We therefore conclude that the trial court may have engaged in judicial fact finding at appellant's sentencing hearing. Accordingly, appellant asserts an arguable issue in his first potential assignment of error. As to appellant's second assignment of error, it is not ripe for our review and is, consequently, rendered moot[1]. State v. Pitts, 6th Dist. No. OT-05-036,2006-Ohio-3182, ¶ 31.
 {¶ 12} Because an Anders brief is not a substitute for an appellate brief argued on the merits, we are required to appoint new counsel to represent appellant in this appeal. State v. Knight, 6th Dist. No. S-05-007, 2006-Ohio-4807, ¶ 2 (Citation omitted.). Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Tom Dusza, 725 Sycamore Line, Sandusky, Ohio, 44870, is appointed as appellate counsel in *Page 5 
this matter. Counsel is granted 30 days from the date of this decision to supplement the record with an App.R. 9(C) or (D) statement. Appellant's brief must be filed 30 days after the record is supplemented. This cause shall then proceed pursuant to the appellate rules.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR.
[1] The issue raised in appellant's second assignment of error will be ripe only in the event that new appointed appellate counsel does not comply with the mandates of App.R. 9(C) or (D). *Page 1