JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Cedric Leonard, appeals his sentence from the Cuyahoga County Court of Common Pleas. After reviewing the facts of this case and the pertinent law, we affirm and modify the sentence as to post-release control.
 {¶ 2} On August 6, 2003, the Cuyahoga County Grand Jury indicted Leonard on five counts, including two counts of aggravated burglary, two counts of felonious assault, and one count of attempted murder. He pled not guilty at his arraignment.
 {¶ 3} On September 30, 2003, as part of a plea bargain, Leonard entered guilty pleas to an amended count one, burglary, a felony of the second degree, and to count four, felonious assault, a felony of the second degree. The trial court entered a nolle prosequi on the remaining counts. A presentence investigation report ("PSI") was ordered. *Page 3 
 {¶ 4} On November 17, 2003, the trial court held the sentencing hearing. Leonard, defense counsel, and counsel for the state addressed the court. Stephanie Godfrey ("the victim"), also appeared and addressed the court. The trial court imposed a two-year prison sentence on count one and ordered that prison term to run concurrent to an eight-year prison sentence on count four. Thus, Leonard was sentenced to a total of eight years in prison with post-release control of up to three years as part of the sentence. Leonard was remanded to serve his prison term.
 {¶ 5} On April 26, 2005, Leonard filed a notice of appeal. On April 20, 2006, in State v. Leonard, 8th Dist. No. 86310, 2006-Ohio-1943
("Leonard I") this court affirmed his conviction, but vacated the sentence and remanded the case for resentencing in accordance withState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 6} On June 1, 2006, the trial court held the resentencing hearing utilizing the 2003 PSI. The victim appeared again and addressed the court. The victim stated that she and Leonard have a daughter together (at the time of the resentencing she was eight years old) and the offense occurred in front of the daughter. Leonard had lived in the home with them at one time, but was not residing there when the offense occurred. According to the victim, Leonard came into her house and got a knife from her home. She stated that Leonard cut her jaw and the back of her neck with the knife. She further explained that she received stitches and has a scar from the incident. The trial court then asked the victim, "anything else you would like to tell the court?" The victim replied that their daughter missed *Page 4 
Leonard and she had to explain to their daughter why he was in jail. The victim also relayed that she and the daughter have forgiven Leonard, but that she will not forget the incident.
 {¶ 7} On June 5, 2006, the trial court imposed the same prison term as it had in the first proceeding. It sentenced Leonard to two years in prison on count one and eight years on count four, to run concurrent with one another, for a total of an eight-year prison sentence. However, the trial court increased Leonard's post-release control to five years.
 {¶ 8} It is from this judgment that Leonard filed a timely notice of appeal and makes the following assignments of error:
 {¶ 9} "[1.] The trial court erred in relying on a Pre-Sentence Investigation Report produced in 2003 which cannot comport with O.R.C.2951.03 requirement [that] the Probation Department tell of the present condition of the offender. * * *
 {¶ 10} "[2.] The trial court erred in failing to order a Victim's Impact Statement be prepared by the Probation Department or a Victims Rights group as required by statute. The ad hoc Victim's Impact Statement made by the judge at the sentencing hearing fails to comport with O.R.C. 2947.051. * * *
 {¶ 11} "[3.] The trial court erred by losing its way in the analysis of O.R.C. 2929.12 Seriousness and Recidivism Factors. The error resulted in the erroneous evaluation that this F2 felony is more serious than a typical Felonious Assault and that this offender [has] a high risk of recidivism. * * * *Page 5 
 {¶ 12} "[4.] The trial court erred in relying on [Leonard I] when fashioning a new sentence. Ohio law states a re-sentencing hearing is a de-novo proceeding which is independent of other proceedings. * * *."
 {¶ 13} In his first assignment of error, Leonard asserts that the trial court erred in relying on a PSI from 2003, when the resentencing hearing was held approximately two and half years later, on June 1, 2006. Leonard contends this 2003 PSI did not comply with the requirement of R.C. 2951.03 that the probation department provide information regarding the present condition of the offender. The state contends that the trial court is not required to order a new PSI for a sentencing hearing on remand.
 {¶ 14} R.C. 2951.03(A)(1) provides, "No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written PSI has been considered by the court. If a court orders the preparation of a PSI * * *, the officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant * * *."
 {¶ 15} This provision demonstrates that a PSI is mandatory only if the trial court sentences an offender to community control sanctions.State v. Harper (Dec. 31, 2001), 10th Dist. Nos. 01AP-201, 01AP-202, 01AP-203, 01AP-204, and 01AP-205, 2001 Ohio App. LEXIS 5969, at 10, citing State v. Allison (Feb. 5, 1999), 6th Dist. No. L-98-1159, 1999 Ohio App. LEXIS 255. The General Assembly has *Page 6 
recognized that some offenders will be sentenced to prison without the existence of a PSI. Id. Moreover, a trial court's decision to order a PSI is within its sound discretion. Id. at 9, citing State v. Adams
(1988), 37 Ohio St.3d 295, 297.
 {¶ 16} We note also that Leonard did not request an updated PSI prior to the resentencing hearing. Further, he did not object to the lack of an updated PSI at the hearing, nor did he object to the use of the original one.
 {¶ 17} When a defendant fails to object to an alleged error at trial, defendant has waived his right to raise that issue on appeal. State v.Smith (1997), 80 Ohio St.3d 89, 107. An appellate court may consider an error that was not objected to only when it is "plain error." State v.Appling (May 21, 1998), 8th Dist. No. 72719, 1998 Ohio App. LEXIS 2290, at 12. Crim.R. 52(B) states, "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, 97. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62.
 {¶ 18} In State v. Cvijetinovic, 8th Dist. No. 82894, 2003-Ohio-7071, Cvijetinovic specifically argued that the trial court improperly relied on a four-year old PSI and improperly considered a statement from the victim when he was resentenced. Id. at _41. This court stated that Cvijetinovic failed to object to any of *Page 7 
the alleged errors at the trial court and thus, he waived his right to raise these issues on appeal. Id. at _42. We declined to find plain error in this case and overruled the assignment of error. Id. at _43.
 {¶ 19} A review of the record indicates Leonard did not object to the use of the original PSI. Furthermore, in accordance withCvijetinovic, he did not request an updated PSI or object to the lack of it. Thus, we conclude Leonard waived his right to raise this issue on appeal.
 {¶ 20} Pursuant to R.C. 2951.03(A)(1), the court was not required to order a PSI because Leonard was not sentenced to community control sanctions. Further, we note that at the resentencing hearing, defense counsel addressed the court and explained the present condition of Leonard. Therefore, it is not plain error to use a three-year old PSI.
 {¶ 21} Leonard's first assignment of error is overruled.
 {¶ 22} In his second assignment of error, Leonard contends that the trial court erred in failing to order the probation department or victims' rights group to prepare a victim impact statement as required by R.C. 2947.051.
 {¶ 23} The state argues that the trial court is not required to order a new victim impact statement. The state also asserts that the victim appeared at the resentencing hearing and the trial court heard from the victim herself. The trial court permitted the victim to not only describe the offense and defendants' acts, but also update the court relative to her, their daughter, and Leonard's situation, while the *Page 8 
appeal was pending. We also note, just as with the PSI, that Leonard failed to request a victim impact statement or object to the court's failure to order a new victim impact statement.
 {¶ 24} R.C. 2947.051(A) provides, "In all criminal cases in which a person is convicted of or pleads guilty to a felony, if the offender, in committing the offense, caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim of the offense, the court, prior to sentencing the offender, shall order the preparation of a victim impact statement by the department of probation of the county in which the victim of the offense resides, by the court's own regular probation officer, or by a victim assistance program * * *. The court * * * shall consider the victim impact statement in determining the sentence to be imposed upon the offender."
 {¶ 25} The purpose of the victim impact statement is to inform the court of any economic loss, physical injury, and any other information about the impact suffered by the victim as a result of the offense.State v. Sealy, 11th Dist. No. 2002-L-100, 2003-Ohio-6697, at _59, citing R.C. 2947.051(B). The preparation of a victim impact statement will add little to the proceedings when the trial judge has heard all the testimony contemplated by 2947.051(B). Id.
 {¶ 26} Victim impact statements generally work to the prosecution's benefit and the criminal defendant's detriment. State v. Shafner, 12th Dist. No. CA2002-07-012, 2003-Ohio-3872, at _4-5, citing State v.Patterson (1996), *Page 9 110 Ohio App.3d 264, 269. A trial court's error in failing to order a victim impact statement is not reversible, absent an affirmative demonstration of prejudice to the appellant. Sealy, supra, citing Patterson, supra.
 {¶ 27} In the instant case, the trial court heard from the victim at the resentencing hearing and therefore had knowledge of the type of information pursuant to 2947.051(B). The victim was able to address the trial court about the offense and the effect it had on her. The victim stated that the offense occurred in front of her and Leonard's daughter. Leonard had lived in the home with them at one time but was not residing there when the offense occurred. The victim stated Leonard came into her house, got a knife from inside, and cut her on her jaw and on the back of her neck. The victim received stitches and has a scar from the incident.
 {¶ 28} Further, we do not believe Leonard's resentencing would have been different if the trial court had ordered a victim impact statement. As contemplated by R.C. 2947.051(B), the trial court had before it all the necessary information about the impact suffered by the victim as a result of the offense. Thus, the victim impact statement would have added little to the proceedings. In addition, Leonard failed to show prejudice in the trial court's failure to order a victim impact statement. Thus, we conclude the trial court did not err when it failed to order the preparation of a victim impact statement in this case.
 {¶ 29} Therefore, Leonard's second assignment of error is overruled.
 {¶ 30} In his third assignment of error, Leonard argues the trial court *Page 10 
erroneously analyzed the seriousness and recidivism factors under R.C.2929.12. Leonard argues there was no evidentiary support for the trial court to impose the maximum prison term of eight years.
 {¶ 31} In Foster, supra, the Supreme Court of Ohio stated, "R.C.2929.12 grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." Id. at _37.
 {¶ 32} The Supreme Court made it clear however, "there is no mandate for judicial factfinding in the general guidance statutes. Id. at _42. The court is `merely to consider' the statutory factors." Id. Thus, the Supreme Court held that R.C. 2929.12 is not unconstitutional. State v.Rocha, 6th Dist. No. S-06-007, 2007-Ohio-880, at _9. Therefore, we analyze R.C. 2929.12 as we did prior to Foster.
 {¶ 33} This court has stated, "When considering the seriousness and recidivism factors under R.C. 2929.12, the Ohio Supreme Court has specifically held the sentencing judge is not required to use specific language or make specific findings in order to evince the requisite consideration of the applicable factors." State *Page 11 v. Miller, 8th Dist. No. 82879, 2003-Ohio-6880, at _13, citing State v.Arnett (2000), 88 Ohio St.3d 208, 215.
 {¶ 34} At the resentencing hearing, the trial court explicitly said that it considered the recidivism factors and seriousness factors. However, the trial court did not make actual findings regarding these factors. As stated above, the trial court is not obligated to make specific findings in order to demonstrate that it considered all of the applicable factors. Therefore we conclude that the trial court adequately complied with the requirements of R.C. 2929.12.
 {¶ 35} Nevertheless, a review of the record shows adequate factors existed under R.C. 2929.12 to support the trial court's sentence. The relationship between Leonard and the victim may have facilitated the crime because they had a daughter together and they lived together a few weeks before the incident happened. R.C. 2929.12(B)(6). Also, the victim was seriously and physically injured when she was cut on the jaw and neck with a knife in front of the child. R.C. 2929.12(B)(2). The victim received stitches for the injuries and now has scars. Further, Leonard had a prior history of criminal convictions and showed no remorse for the offense. R.C. 2929.12(B)(2) and (5). Thus, we do not find that the sentence was improper.
 {¶ 36} Leonard's third assignment of error is overruled.
 {¶ 37} In his fourth assignment of error, Leonard asserts the trial court erred at the resentencing hearing when it relied onLeonard I. *Page 12 
 {¶ 38} The Supreme Court of Ohio has expressed that the trial court is to conduct a resentencing hearing de novo. State v. Mathis (2006),109 Ohio St.3d 54, 2006-Ohio-855, at _37. When exercising its discretion, the court must carefully consider the statutes that apply to every felony case, including R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. Id. at _38. In addition, the sentencing court must be guided by statutes that are specific to the case itself. Id.
 {¶ 39} This court has held that at a resentencing hearing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. State v. Hudak, 8th Dist. No. 82108, 2003-Ohio-3805, at _25, citing State v. Bolton (2001), 143 Ohio App.3d 185, 188-189. See, also, R.C. 2929.19(A)(1).
 {¶ 40} In State v. Steimle, 8th Dist. Nos. 79154 and 79155, 2002-Ohio-2238, at _16, this court explained that upon resentencing:
 {¶ 41} "[t]he defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, *Page 13 
and must be notified that post-release control is part of his sentence, if, in fact, it is to be part of his sentence."
 {¶ 42} In the case at hand, the victim and Leonard were given an opportunity to address the court at the resentencing hearing. The trial court stated it would base the sentence on Leonard I and conform with the holding in Foster. The trial court also said that it considered the principles and purposes of S.B. 2, the recidivism factors, seriousness factors, the PSI, and the facts heard in court. The trial court then imposed the sentence and informed Leonard when he was released from prison, he would have five years of post-release control.
 {¶ 43} In light of the above, we find the trial court held a de novo resentencing hearing and overrule Leonard's fourth assignment of error.
 {¶ 44} Finally, although not raised by Leonard, we sua sponte consider Leonard's sentence as it affects his substantial rights. See Crim R. 52(B). At the oral argument before this court, the state conceded that Leonard was improperly ordered to serve five years of post-release control, when the maximum he can serve is up to three years of post-release control.
 {¶ 45} R.C. 2967.28(B) provides in part; "* * * a period of post-release control required by this division for any offender shall be of one of the following periods:
 {¶ 46} "(1) For a felony of the first degree or for a felony sex offense, five years; *Page 14 
 {¶ 47} "(2) For a felony of the second degree that is not a felony sex offense, three years[.]"
 {¶ 48} Thus, Leonard was improperly sentenced to five years of post-release control. Accordingly, we modify his sentence to include three years of post-release control.
 {¶ 49} Accordingly, Leonard's four assignments of error are not well taken. The judgment of Cuyahoga County Court of Common Pleas is affirmed with respect to the prison term imposed. However, Leonard's sentence is modified with respect to his post-release control.
Affirmed and sentence modified.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J. and MELODY J. STEWART, J., CONCUR *Page 1