DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals the imposition of a five year term of post-release control issued as part of a criminal sentence by the Huron County Court of Common Pleas.
 {¶ 2} A Wal-Mart employee stopped appellant, Christopher McKay, and a girlfriend walking out of the store carrying a 32 inch high definition television set for which they lacked a receipt. Police arrested appellant and charged him with theft, *Page 2 
possession of criminal tools and drug possession. Appellant eventually pled guilty to the theft and drug possession charges, both fifth degree felonies.
 {¶ 3} The trial court accepted appellant's plea and sentenced him to 11 month terms of incarceration and a $500 fine for each count. The court ordered appellant's sentences to be served consecutively and consecutive to his sentences imposed in other counties.
 {¶ 4} During sentencing, the court advised appellant: "Do you understand that * * * you could be placed on post-release control for a period of up to three years. If you were to violate the terms and conditions of your post-release control, you could be returned to prison for nine months or for 50 percent of your originally stated prison term, whichever is less?" Appellant responded affirmatively. When the sentencing entry was released, however, it stated "When you are released from prison you will be placed on post release control for five (5) years."
 {¶ 5} It is this order that appellant now appeals. Appellant sets forth a single assignment of error:
 {¶ 6} "The trial court erred to the prejudice of the appellant requiring of him a five year commitment of post release control that is at the discretion of a parole board."
 {¶ 7} Appellant insists that the court had no authority to sentence him to a five year period of post-release control. Appellant maintains that post-release control is governed by R.C. 2967.28 which, for a nonviolent fifth degree felony, vests authority in *Page 3 
the discretion of the parole board to impose up to a three year period of post-release control. The state did not file a brief in this matter.
 {¶ 8} R.C. 2967.28(B) mandates that a court sentence an offender convicted of a first degree felony or a felony sex offense to a five year period of post-release control. For a second degree felony that is not a sex offense, the period is three years. For a third degree felony involving physical harm or its threat, the mandatory period of post-release control is also three years. State v. Leonard, 8th Dist. No. 88299, 2007-Ohio-3745, ¶ 48.
 {¶ 9} R.C. 2967.28(C), in material part, provides:
 {¶ 10} "(C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not [a felony sex offense or in which the offender caused or threatened physical harm to a person] shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender."
 {¶ 11} The offenses of which appellant was convicted are fifth degree felonies and governed by R.C. 2967.28(C). The rule requires that, while a sentencing order is required to make a defendant subject to up to three years post-release control, the decision for the imposition of that sanction is the responsibility of the parole board, acting within the strictures of R.C. 2967.28(D). Accordingly, appellant's sole assignment of error is well-taken *Page 4 
 {¶ 12} On consideration whereof, the judgment of the Huron County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1