[Cite as *State v. Reglus*, 2012-Ohio-1174.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 25914 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL REGLUS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 11 01 0020 |

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

CARR, Presiding Judge.

{¶1} Appellant, Michael Reglus, appeals his convictions and sentence by the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Deputy Todd Buck found marijuana, $400 cash, and a scale in Reglus' apartment while investigating a complaint by the Akron Metropolitan Housing Authority. Reglus was charged with trafficking in marijuana in violation of R.C. 2925.03(A), possession of marijuana in violation of R.C. 2925.11(A)(3), and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). Before trial, Reglus moved to suppress all of the evidence that Deputy Buck gained as a result of searching the apartment. The trial court denied the motion, and the case proceeded to trial. A jury found Reglus guilty of trafficking in marijuana and possession of drug paraphernalia, and the trial court found him guilty of possession of marijuana. The trial court sentenced Reglus to an aggregate jail term of twelve months and fined him $150 for the charge

of possession of marijuana, which the trial court waived because he is indigent. Reglus appealed.

## II.

## <u>ASSIGNMENT OF ERROR I</u>

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶3} Reglus' first assignment of error is that the trial court incorrectly denied his motion to suppress evidence that was collected as a result of Deputy Todd Buck's observations in his apartment. Reglus has maintained that he did not consent to Deputy Buck's presence in his apartment, nor did he give consent to a search of any scope.

{¶4} Because our review of a motion to suppress involves issues of law and fact, this Court accepts a trial court's findings of fact if supported by competent, credible evidence, but reviews the trial court's legal conclusions de novo. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).

{¶5} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unlawful searches and seizures, and searches made without a warrant are per se unreasonable unless an established exception applies. *State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, ¶ 10. One such exception is consent that signifies a waiver of constitutional rights. *See State v. Akron Airport Post No. 8975, Veterans of Foreign Wars of U.S.*, 19 Ohio St.3d 49, 51 (1985). Consent must be "voluntarily given, and not the result of duress or coercion, express or implied" while "[v]oluntariness is a question of fact to be

determined from all the circumstances[.]" *Schneckloth v. Bustamonte*, 412 U.S. 218, 248-249 (1973).

{¶6} Deputy Buck and Reglus told contradictory stories at the suppression hearing in this case. According to Deputy Buck, he knocked on the door to Reglus' apartment, told him that he was there to investigate a complaint of drug activity, and asked permission to step inside. He testified that when Reglus agreed, he entered and stayed within a few feet of the front door while further explaining the purpose for his visit. Deputy Buck testified that he asked Reglus if there were others in the apartment, then asked whether he could look around the apartment to make sure, which he characterized as a standard security practice. According to Deputy Buck, Reglus agreed. The first room that he entered was the bathroom, where he saw a clear plastic bag containing five smaller baggies of marijuana on the floor in front of the toilet. Deputy Buck testified that when he finished walking through the rest of the apartment to check for other occupants, he asked Reglus about the marijuana. According to Reglus' testimony, however, Deputy Buck pushed his way into the apartment, put his hand on his gun, and announced that he was searching the apartment for drugs. Reglus testified that Deputy Buck did not ask for consent, nor was it given.

{¶7} The trial court determined that Deputy Buck's testimony was more credible than Reglus' testimony, found that Reglus consented to the search of his apartment and that Deputy Buck found the marijuana in plain view, and denied the motion to suppress. The trial court's findings of fact are supported by competent, credible evidence, which also establishes that Deputy Buck searched the apartment pursuant to Reglus' consent and found the marijuana unconcealed on the bathroom floor. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILTY
FOR TRAFFICKING IN DRUGS.

{¶8}    Reglus' second assignment of error is that his conviction for trafficking in drugs is supported by insufficient evidence.  We disagree.

{¶9}    A challenge to the sufficiency of the evidence questions whether the evidence at trial was sufficient as a matter of law to support the defendant's conviction.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  "In determining whether the evidence is legally sufficient to support the jury verdict as a matter of law, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"  *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶10}   R.C. 2925.03(A)(2) provides that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe the controlled substance is intended for sale or resale by the offender or another[.]"

{¶11}  Deputy Buck testified that he found a large, clear bag in Reglus' apartment that held five smaller bags.  Each of these bags, in turn, contained approximately the same amount of marijuana in such a way that they appeared to be packaged for sale.  When Deputy Buck confronted Reglus about the marijuana, Reglus handed him a green container that contained a large bag of undivided marijuana, a digital scale on which Deputy Buck noticed some marijuana residue, and $400 cash.  Deputy Buck noted that the proximity of the scale to the larger bag of marijuana and evidence that marijuana had been weighed on the scale led him to suspect it had

been used to parcel out marijuana for sale. He also testified that as he filled out his police report, he asked Reglus "[H]ow do your customers get a hold of you[?] [D]o you have a cell phone or home phone[?]" According to Deputy Buck, Reglus responded by saying "I hang out on the corner."

{¶12} Viewing this evidence in the light most favorable to the State, a reasonable jury could conclude that Reglus prepared and packaged the marijuana in preparation for selling it. His conviction for trafficking in marijuana is supported by sufficient evidence, and his second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE VERDICT FOR TRAFFICKING IN DRUGS WAS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} Reglus' third assignment of error is that his conviction for trafficking in drugs is against the manifest weight of the evidence. Specifically, he has argued that the circumstantial evidence upon which the conviction is based is not credible evidence of trafficking. When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (1986). In our analysis, we are mindful that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value." *Jenks*, 61 Ohio St.3d 259 at paragraph one of the syllabus.

{¶14} The only witnesses at trial were Deputy Buck, who discovered the marijuana and drug paraphernalia and arrested Reglus, and Nick Gray, the scientist who analyzed and weighed the marijuana. Gray confirmed that the evidence seized from the apartment consisted of one

large bag of marijuana and five smaller bags that weighed about one gram each. Deputy Buck admitted that he did not witness Reglus selling drugs, but emphasized that when Reglus said he "hang[s] out on the corner," it was in response to a question about whether his customers contacted him by telephone. He also emphasized that it was the proximity of the cash and the scale to each other and to the marijuana that piqued his interest.

{¶15} This Court has reviewed the entire record and weighed the evidence and has concluded that the evidence against Reglus with respect to the drug trafficking conviction, although circumstantial, does not lead to the conclusion that the jury lost its way. Reglus' third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT CONTRARY TO THE PROVISIONS OF R.C. 2929.13, R.C. 2929.19, AND WITHOUT THE BENEFIT OF A PRE-SENTENCE INVESTIGATION, TO THE MAXIMUM PRISON SENTENCE FOR A FIFTH DEGREE FELONY.

{¶16} Reglus' final assignment of error is that the trial court incorrectly sentenced him to prison rather than community control. We disagree.

{¶17} This Court reviews felony sentencing under a two-step analysis. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26. In the first step, we determine whether the sentence is "clearly and convincingly contrary to law," with reference to all of the applicable statutes. *Id.* In the second step, we review the imposition of sentence for an abuse of the trial court's discretion. *Id.*

{¶18} Felony sentencing is guided by the purposes described in R.C. 2929.11(A), which provides:

The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum

sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.12(A) explains that "[u]nless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing." Because Reglus was convicted of trafficking in marijuana and other sentencing factors specified in R.C. 2925.03(C)(3) do not apply, his sentence is determined in accordance with R.C. 2929.13(B). *See* R.C. 2925.03(C)(3); R.C. 2929.13(E)(1). In that respect, the Ohio Supreme Court recently explained the interaction of the sentencing statutes[1] with respect to fourth- and fifth-degree felonies:

> Consistent with the sentencing principles set forth in R.C. 2929.11, R.C. 2929.13(B)(1)(a) through (i) sets forth nine factors that a trial court must consider in sentencing an offender for fourth- and fifth-degree felonies. If a trial court does not make any of the findings in R.C. 2929.13(B)(1)(a) through (i), then an offender is sentenced pursuant to R.C. 2929.13(B)(2)(b), and if the court considers it appropriate, community control is the default sentence (except for those offenses identified as mandatory-prison offenses). * * * However, if the trial court makes any of the findings set forth in R.C. 2929.13(B)(1)(a) through (i), then an offender is sentenced under R.C. 2929.13(B)(2)(a). After considering the seriousness and recidivism factors set forth in R.C. 2929.12, if the court finds that a prison term is consistent with the principles and purposes of felony sentencing and that an offender is not amenable to community control, then the court shall impose a prison term upon the offender. Thus, although it does not preclude the imposition of community-control sanctions, a finding of any of the factors set forth in R.C. 2929.13(B)(1)(a) through (i) weighs against the preference for community control and may justify incarceration.

(Internal citations omitted.) *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 8 (applying former R.C. 2929.13). R.C. 2929.13(B) does not create a presumption in favor of

---

[1] R.C. 2929.13 was amended by H.B. 86, effective September 30, 2011. Reglus was sentenced under the previous version of the statute.

community control, and although the statute permits findings of fact, they are not required before a prison term is imposed for a fourth- or fifth-degree felony. *Massien* at ¶ 8.

{¶19} A trial court may, therefore, sentence an offender to a prison term in lieu of community control for a fifth-degree felony, even if none of the considerations mentioned in R.C. 2929.13(B)(1) are present, if the trial court determines that a community control sanction would not be consistent with the purposes and principles of felony sentencing under R.C. 2929.12. *See* R.C. 2929.13(B)(2)(b). Reglus makes two arguments in support of his position that his sentence is contrary to law. First, he has argued that R.C. 2929.19(B)(2)(a) required the trial court to state the reasons for imposing a prison term on the record. Although trial courts must "carefully consider" the statutes that apply to felony sentencing, they are "no longer compelled to make findings and give reasons at the sentencing hearing because R.C. 2929.19(B)(2) has been excised." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. Reglus' second argument is that the trial court should not have sentenced him without ordering a presentence investigation. Under R.C. 2951.03, however, a presentence investigation report is not required before an offender is sentenced to prison. *See State v. Leonard*, 8th Dist. No. 88299, 2007-Ohio-3745, ¶ 15.

{¶20} Reglus' sentence is not clearly and convincingly contrary to law. It is also not grounded in an abuse of the trial court's discretion. The trial court had "full discretion to impose a prison sentence within the statutory range[.]" *Mathis* at paragraph three of the syllabus. Noting that this was not Reglus' first drug offense and that it occurred in flagrant violation of the rules of his Section 8 housing, the trial court determined that a one-year prison term was appropriate. This sentence does not reflect an abuse of discretion.

{¶21} Reglus' fourth assignment of error is overruled.

III.

{¶22} Reglus' assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.