[Cite as *State v. Wyatt*, 2019-Ohio-1183.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

    Appellee

v.

Joshua Wyatt

    Appellant

Court of Appeals No. OT-18-026

Trial Court No. 18 CR 065

**<u>DECISION AND JUDGMENT</u>**

Decided: March 29, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Joshua W. Wyatt, appeals the August 2, 2018

judgment of the Ottawa County Court of Common Pleas which, following appellant's

guilty plea to attempted rape and unlawful sexual conduct with a minor, sentenced him to

a total of six years of imprisonment.  Because we find that his plea was knowing and voluntary, we affirm.

{¶ 2} Appellant was indicted on March 15, 2018, on one count of rape, a first-degree felony, and one count of unlawful sexual conduct with a minor, a third-degree felony.  Appellant entered a not-guilty plea to the charges.

{¶ 3} On June 21, 2018, appellant withdrew his not guilty plea and entered a guilty plea to the amended charge of attempted rape, a second degree felony, and unlawful sexual conduct with a minor.  Appellant's sentencing hearing was held on August 2, 2018; he was sentenced to 6 years of imprisonment for the attempted rape charge and 60 months of imprisonment as to the unlawful sexual conduct charge.  The sentences were ordered to be served concurrently.  Appellant was also classified as a Tier III Sex Offender.  Following the court's journalized judgment entry, this appeal followed with appellant raising the following assignment of error:

1.  The trial court committed reversible error by accepting guilty pleas of Joshua D. Wyatt ("Appellant') which were not made knowingly, intelligently, and voluntarily.

{¶ 4} In his sole assignment of error, appellant argues that his guilty plea was not knowing and voluntary and the court should not have accepted his plea because he was "misled" about his potential sentence and that at the time of the alleged offense he was "high" and was unable to recall the incident.

2.

{¶ 5} A guilty or no contest plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim.R. 11(C). *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶ 6} Appellant's first argument is based upon the exchange at the June 21, 2018 plea hearing where the state initially informed the court that good time credit of one day per month was available. The state almost immediately retracted its statement as follows:

MR. VANEERTEN: I apologize. There is no good time credit. * * * There would be no credit.

MR. WHITCOMB: That is what I thought.

THE COURT: No good time for anything over a three?

MR. VANEERTEN: No. There is good time for some lesser felonies, but given this is a sexually oriented offense, there is not. * * *.

THE COURT: And transitional control, intensive prison program not available either?

MR. VANEERTEN: Not available.

* * *

[THE COURT]: I will say at this point for purposes of your decision today, make your decision, Mr. Wyatt, based on the assumption that there is

no earned time, no boot camp, no intensive prison program, transitional control available. That is the presumption I am using for today. * * *. [A]t this point, your decision should be made on the presumption that there is not earned credit, boot camp, transitional control, intensive prison program available. Okay?

A. Okay.

{¶ 7} Reviewing the above exchange, we must conclude that appellant was clearly informed that in entering his guilty plea, he was to presume that none of the prison alternatives were available based upon the sexual nature of the charges against him. Thus, we reject this argument.

{¶ 8} Appellant next contends that it is unclear as to whether he in fact admitted to committing the crimes alleged. Appellant states that although he continually asserted his inability to admit the allegations, the court improperly accepted his guilty plea. Supporting his argument that the court should not have accepted his plea, appellant relies on a case where the defendant entered an *Alford* plea despite protestations of innocence. *State v. Padgett*, 67 Ohio App.3d 332, 586 N.E.2d 1194 (2d Dist.1990). In *Padgett* the court noted that prior to accepting such pleas, a court must "determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent." *Id.* at 338.

4.

**{¶ 9}** We find the present facts distinguishable from *Padgett*. At the June 21, 2018 plea hearing, appellant did not assert his innocence; rather, appellant stated that he could not recall the alleged incident because he was high on methamphetamine. The inability to remember the specifics of the crime charged is not a requirement for entering a valid guilty plea. *State v. Leonard*, 8th Dist. Cuyahoga No. 86310, 2006-Ohio-1943, ¶ 8. The *Leonard* court further observed:

**{¶ 10}** It is often the case that defendants are in some way impaired when they commit a crime and, as a result, do not recall certain details of the crime, or even the crime itself; however, this does not negate their competency to enter a valid guilty plea. When entering a guilty plea, it is the defendant's present state of mind that is at issue, not his past state of mind. *Id.*

**{¶ 11}** In the present case, at the June 21, 2018 plea hearing and prior to accepting appellant's plea, the court asked him to explain the circumstances surrounding the charges. Appellant's counsel interjected that at the time of the incident appellant was high on methamphetamines:

> [s]o he has periods of just not remembering things based on that, so he is going to try to do the best he can, but I have discussed this with him in detail. We have gone through the elements of the offenses and so forth, and I believe that he understands what would be required of the prosecution in this case to prove beyond a reasonable doubt, but he can remember some things. He can't remember everything.

5.

**{¶ 12}** The court then addressed appellant and the following exchange occurred:

Q: [Y]ou must be somehow convinced of the facts of which you are pleading guilty to.

A: Somewhat.

Q: Do you believe it happened?

* * *

A: Not the way it was said that it happened, but I know I was high.

Q: You know?

A: I know I was in the wrong to begin with.

**{¶ 13}** The court then had the state set forth what evidence it would have presented had the matter proceeded to trial. The state indicated that the 14 year-old victim's account was corroborated by DNA evidence. The court then addressed appellant:

Q: [A]s to the facts put forth by the State, do you disagree?

A: I disagree, Your Honor.

Q: You do?

A: Yes.

**{¶ 14}** A recess was then taken for appellant to confer with his counsel. Thereafter, the following exchange took place:

Q: Mr. Wyatt the State recited some rendition of the facts they believe to be true. Do you agree or disagree with that?

6.

A: I have no choice but to agree.

Q: You do have a choice.

A: I do have a choice, but I am not disputing those because I was high.

{¶ 15} Appellant's attorney further explained: "I don't believe that he does remember precisely what happened, so at this point he is accepting the facts because he can't remember and he can't dispute the facts, so he has accepted them."

{¶ 16} At the August 2, 2018 sentencing hearing, appellant stated:

I am very sorry for what I have done wrong. I am not denying that – I am not saying I didn't do anything wrong. I am not denying it. I was in denial, yes, but I am not denying it. I have done wrong. I am here to admit my wrongs and I stand here, as a man, and admit my wrongs and standing here, as a man, and accepting it.

{¶ 17} Reviewing the record as a whole, including the transcript of the plea and sentencing hearings, we find that the trial court did not err when it accepted appellant's guilty plea. It is apparent that at the plea hearing appellant was clear-headed, understood the charges and the possible penalties, understood the rights he was waiving by entering the plea, and was represented by competent counsel. Further, at sentencing appellant admitted wrongdoing. Appellant's assignment of error is not well-taken.

{¶ 18} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Ottawa County Court of

7.

Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        _____
                    JUDGE

Arlene Singer, J.

                 _____
Thomas J. Osowik, J.         JUDGE
CONCUR.

                 _____
                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.