**[Cite as *State v. Reed*, 2017-Ohio-7001.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27215 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-142 |
| | : | |
| JERRY REED, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of July, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL SCARPELLI, Atty. Reg. No. 0093662, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JENNIFER MARIETTA, Atty. Reg. No. 0089642, 74 North Orange Street, Suite 105, Xenia, Ohio, 45385
    Attorney for Defendant-Appellant

JERRY REED, JR., #724-163, Allen Correctional Institution, P.O. Box 4501, Lima, Ohio 45802
    Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Jerry Reed, Jr. appeals from his conviction and sentence following a guilty plea to one count of third-degree felony domestic violence.

{¶ 2} Reed's appointed appellate counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for review. Counsel has identified potential issues concerning (1) the trial court's compliance with Crim.R. 11 and (2) the length of Reed's prison sentence. Counsel has concluded, however, that neither issue possesses arguable merit. Reed has filed a pro se brief raising one assignment of error. He contends the trial court erred in accepting his guilty plea to domestic violence as a third-degree felony rather than as a misdemeanor or a fourth-degree felony.

{¶ 3} The record reflects that Reed was indicted on one count of domestic violence in February 2016. The indictment charged the offense as a third-degree felony, and it referenced two prior domestic-violence convictions. (Doc. #3). On March 16, 2016, Reed pled guilty to the charge. The written plea form he signed stated that he was pleading guilty to "Domestic Violence (knowingly) (2 priors), in violation of 2929.25(A); a Felony of the Third Degree." (Doc. #14). The form also referenced a negotiated agreement set forth on the record. (*Id.*). That agreement was addressed during a plea hearing held the same day. It involved the promise of a 24-month prison sentence. (Tr. at 4, 6). During the hearing, the trial court engaged in a Crim.R. 11 colloquy with Reed. After assuring itself that he had been properly advised and that he was entering his plea knowingly, intelligently, and voluntarily, the trial court accepted the plea. Reed waived a PSI report, and the case proceeded to sentencing on March 23, 2016. The trial court imposed the

promised 24-month prison term. It also imposed court costs, as it had told Reed it would do, but declined to impose any fine. Finally, the trial court advised Reed that he would be on post-release control for three years and explained the potential consequences of a violation. The trial court's March 24, 2016 termination entry accurately reflects the sentence imposed. (Doc. #17).

{¶ 4} On appeal, Reed's counsel first asks us to consider whether the prosecutor's recitation of Reed's two prior domestic-violence convictions during the plea hearing, combined with Reed's oral agreement with that recitation and his signature on the plea form, established that he understood the nature of the charge, particularly the enhanced felony status due to the prior convictions. Counsel also asks us to consider whether Reed's 24-month prison sentence was proper. Upon review, we see no non-frivolous issue with regard to either of the foregoing matters.

{¶ 5} Under Crim.R. 11(C)(2)(a), the trial court was obligated to determine that Reed understood the nature of the charge against him and the maximum penalty involved. The record reflects that the trial court satisfied this requirement. During the plea hearing, the prosecutor stated that Reed knowingly had caused or attempted to cause physical harm to a named family or household member. The prosecutor stated that the offense was a third-degree felony based on Reed's two prior domestic-violence convictions. (Tr. at 7). Reed indicated his understanding that this was "the nature of the offense" to which he was pleading guilty. (*Id.*). The trial court proceeded to explain the potential penalties for a third-degree felony, with the maximum penalty being 36 months in prison and a $10,000 fine. The trial court also told Reed that it would impose a 24-month term and would not impose a fine, but it would impose court costs. (*Id.* at 7-8).

Finally, the trial court explained Reed's post-release control obligations and the potential consequences of a violation. (*Id.* at 7-9). Again, Reed indicated his understanding of these things. (*Id.*). Upon review, we agree with appellate counsel's assessment that no non-frivolous issue exists regarding Reed's understanding of the nature of the charge against him.

{¶ 6} We also see no non-frivolous issue with regard to Reed's sentence. His 24-month prison term is within the authorized statutory range and is not contrary to law. Reed also pled guilty in exchange for a promise of the sentence he received. (Plea Tr. at 4, 6). Under these circumstances, there is no basis to challenge his sentence.

{¶ 7} We turn next to Reed's pro se brief. He argues that domestic violence under R.C. 2919.25(A) is a misdemeanor or, with one prior violation, is a fourth-degree felony. That being so, he contends the trial court erred in convicting and sentencing him for third-degree felony domestic violence. We disagree. If an offender is convicted of domestic violence and previously has been convicted of two such offenses, the offender is guilty of third-degree felony domestic violence. R.C. 2919.25(D)(4). As set forth above, Reed's indictment charged him with third-degree felony domestic violence based on two prior domestic-violence convictions, which the indictment identified by date and case number. The prosecutor correctly stated during the plea hearing that the current offense was a third-degree felony based on Reed's conviction for two prior domestic-violence offenses, and Reed acknowledged that this was the nature of his current offense. Reed's plea form also stated that he was pleading guilty to third-degree felony domestic violence based on the existence of two prior offenses. Because domestic violence with two prior such offenses *is* a third-degree felony, Reed's argument is frivolous. His assignment of error is

overruled.

{¶ 8} Finally, in compliance with our responsibility under *Anders*, we have conducted an independent review of the record, including the transcript of Reed's plea and sentencing, and have found no non-frivolous issues for review. In particular, we note that the trial court satisfied its responsibilities under Crim.R. 11(C)(2) during the plea hearing. (Tr. at 5-11). The trial court fully complied with Crim.R. 11(C)(2)(c) with regard to Reed's constitutional rights. With regard to Crim.R. 11(C)(2)(a) and (b), which involve non-constitutional rights, the only possible issue we have found involves the trial court's obligation to tell Reed that upon accepting his plea it could "proceed with judgment and sentencing." *See* Crim.R. 11(C)(2)(b). We have not found this specific advisement in the hearing transcript prior to the acceptance of Reed's plea. Its omission was non-prejudicial, however, because the trial court stated, before accepting his plea, that it would postpone sentencing for one week, which it did. (Tr. at 5). In addition, the plea form Reed signed *did* advise him that upon acceptance of his plea, the trial court "may proceed with judgment and sentence." (Doc. #14). Because the trial court explicitly stated during the hearing that it would postpone sentencing and the plea form contained the proper advisement, we see no possible prejudice stemming from the trial court's failure to tell Reed that it could proceed immediately with sentencing. We find substantial compliance with Crim.R. 11(C)(2)(b). Any argument that the trial court's omission resulted in a prejudicially-defective plea is frivolous.

{¶ 9} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.


Copies mailed to:

Mathias H. Heck
Michael Scarpelli
Jennifer Marietta
Jerry Reed Jr.
Hon. Erik Blaine