[Cite as *State v. Strawsburg*, 2018-Ohio-4764.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-494 |
| | : | |
| NATHAN STRAWSBURG | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 W. Second Street, Suite 460, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Nathan Strawsburg appeals from his conviction and sentence following a guilty plea to one count of aggravated drug possession, a fifth-degree felony.

{¶ 2} Strawburg's appointed appellate counsel has filed a brief pursuant to *Anders*

*v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for review. We notified Strawsburg of the *Anders* filing and gave him an opportunity to submit a pro se brief, but he did not do so.

{¶ 3} The record reflects that police stopped Strawsburg for a traffic violation. During the stop, he was found to have a suspended license. An inventory search of his car resulted in the discovery of methamphetamine. (Plea Tr. at 3-4.) Strawsburg pled guilty to the charge set forth above, and the State recommended community control sanctions. After reviewing a PSI report, the trial court rejected the recommendation and imposed a ten-month prison sentence.

{¶ 4} In his *Anders* brief, appointed appellate counsel identifies three potential issues for review but concludes that they lack arguable merit. First, counsel addresses whether the trial court complied with Crim.R. 11 during the plea hearing. Second, counsel questions whether the trial court considered the statutory principles and purposes of sentencing and the seriousness and recidivism factors. Third, counsel analyzes whether the trial court erred in rejecting community control.

{¶ 5} Upon review, we agree with counsel's assessment that raising the foregoing issues would be frivolous. The trial court satisfied its responsibilities under Crim.R. 11 during the plea hearing. It fully complied with Crim.R. 11(C)(2)(c) with regard to Strawsburg's constitutional rights. As for Crim.R. 11(C)(2)(a) and (b), which involve non-constitutional rights, the only possible issue we have found involves the trial court's obligation to tell Strawsburg that upon accepting his plea it could "proceed with judgment and sentence." *See* Crim.R. 11(C)(2)(b). We have not found this specific advisement in the plea-hearing transcript. On this record, the omission was non-prejudicial, however,

because the plea agreement provided for the preparation of a PSI report and the trial court ordered a pre-sentence investigation, continued bond, and continued sentencing for three weeks. (Plea Tr. at 8.) In addition, the plea form Strawsburg signed did advise him that upon acceptance of his plea, the trial court could impose sentence immediately. (Doc. # 10 at 3.) Because the trial court postponed sentencing and the plea form contained the proper advisement, we see no possible prejudice stemming from the trial court's failure to tell Strawsburg that it could proceed immediately with sentencing. We find substantial compliance with Crim.R. 11(C)(2)(b). Any argument that the trial court's omission resulted in a prejudicially-defective plea is frivolous. *Compare State v. Reed*, 2d Dist. Montgomery No. 27215, 2017-Ohio-7001, ¶ 8 (finding no non-frivolous issue for appeal under similar circumstances).

{¶ 6} We also see no non-frivolous issue with regard to the trial court's consideration of the sentencing factors in R.C. 2929.11 and R.C. 2929.12. Although the trial court did not explicitly mention these factors, on a silent record it is presumed to have considered them. *State v. Atchison*, 2d Dist. Clark No. 2017-CA-76, 2018-Ohio-2419, ¶ 23. In addition, the trial court's judgment entry noted that it had considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." (Doc. # 12 at 1.)

{¶ 7} The trial court's failure to impose community control sanctions also does not present a non-frivolous issue. Although the State recommended community control as part of the plea agreement, the trial court observed that Strawsburg had "a prior prison term, two prior felony offenses, six prior OVI convictions, and on this particular case he

was operating a motor vehicle while under suspension with methamphetamine in the vehicle." (Sentencing Tr. at 4.) Under these circumstances, the trial court expressed concern "about the safety of the community" and elected to impose a ten-month prison sentence. (*Id.* at 4-5.) The trial court also noted in its judgment entry that it had discretion to impose a prison sentence because Strawsburg had served a prior prison term. (Doc. # 12 at 1.) The record fully supports the trial court's sentencing decision, and it had the authority to reject the State's recommendation. *State v. Barker*, 2d Dist. Greene No. 09CA1, 2009-Ohio-5036, ¶ 1, 9-11 (finding no non-frivolous issue for appeal where the trial court rejected the State's recommendation of community control and imposed a prison term).

{¶ 8} In addition, our review of the Ohio Department of Rehabilitation and Correction's website confirms that Strawsburg is no longer an inmate, nor is he subject to post-release control. *See State v. Erdman*, 2d Dist. Montgomery No. 25814, 2014-Ohio-2997, ¶ 3 (taking judicial notice appellant's name is not listed on the ODRC website). Therefore, any issues related to the imposition of sentence or to the serving of his sentence are moot and without arguable merit.

{¶ 9} Finally, we have conducted an independent examination of the record as required by *Anders* and have found no non-frivolous issues for review. Accordingly, we affirm the judgment of the Clark County Common Pleas Court.

. . . . . . . . . . . . .


FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Andrew P. Pickering
Travis Kane
Nathan Strawsburg
Hon. Douglas M. Rastatter