[Cite as *State v. Marshall*, 2019-Ohio-646.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :    Appellate Case No. 28131
                                                 :
v.                                               :    Trial Court Case No. 2018-CR-1239/2
                                                 :
RODNEY J. MARSHALL, JR.                          :    (Criminal Appeal from
                                                 :     Common Pleas Court)
    Defendant-Appellant                          :
                                                 :

. . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of February, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 120 W. Second Street, Suite 603, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Rodney J. Marshall, Jr. appeals from his conviction and sentence following a no-contest plea to one count of breaking and entering, a fifth-degree felony.

{¶ 2} Marshall's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appellate review. We notified Marshall of the *Anders* filing and gave him an opportunity to file a pro se brief. No pro se brief has been filed, and the time for doing so has expired.

{¶ 3} In the *Anders* brief, appellate counsel has identified one potential issue for review. It concerns the trial court's imposition of a statutory maximum 12-month prison sentence. In light of Marshall's prior felony convictions and other information in the record, however, counsel concludes that an assignment of error challenging the sentence as an "abuse of discretion" would be frivolous.

{¶ 4} Upon review, we agree that no non-frivolous issue exists concerning Marshall's sentence. Contrary to the suggestion in appellate counsel's brief, however, the issue is not whether the sentence is an abuse of discretion. We "do not review a felony sentence under an abuse of discretion standard. Instead, based upon the language of R.C. 2953.08(G)(2), we may vacate or modify a felony sentence if we find by clear and convincing evidence that the record does not support the sentence or the sentence is otherwise contrary to law." *State v. Damiano*, 2d Dist. Champaign No. 2017-CA-31, 2018-Ohio-4761, ¶ 9 (citing cases).

{¶ 5} Marshall's sentence is not contrary to law because it is within the authorized statutory range and the trial court stated that it had considered the appropriate sentencing

factors. *See id.* at ¶ 9. The only other issue is whether the record clearly and convincingly fails to support a 12-month prison sentence. The trial court addressed Marshall at sentencing and made the following remarks:

> Sir, I've reviewed your presentence investigation, the attorney's statement, the sentencing memorandum, and all of the documents provided, as well as your statement. You are not being sentenced based upon your past, although that is a factor. Your prior criminal history is certainly something that I have to consider. You were released on parole for an F2 burglary, an F3—two F3 burglaries, a breaking and entering, a grand theft of a motor vehicle, a receiving stolen property. So many other ones. There is a laundry list of them, including an F1 engaging in a pattern of corrupt activity.
>
> You were released on parole, less than three months—actually, three months to the day. No, no, no, three months prior to this breaking and entering offense. You have minimized your conduct throughout the course of this proceeding. This is your fifth felony conviction, although there, in some of the cases—the last one in particular had so many counts. I can't count them.

(Transcript at 30-31).

{¶ 6} A PSI report reflects that 35-year-old Marshall's present offense involved breaking into a residential garage and attempting to steal tools while under the influence of alcohol and marijuana. He has prior juvenile adjudications for having a weapon on school property, disorderly conduct, theft, escape, and alcohol use. He also has prior DYS

commitments. As an adult, he has a lengthy misdemeanor record for offenses that included, among other things, multiple instances of theft, trespassing, and receiving stolen property. His adult felony record includes four prior cases and, among other things, multiple convictions for receiving stolen property, theft, and burglary. He also has served prior prison terms and was on post-release control at the time of the current offense. Particularly in light of Marshall's extensive criminal history, any argument that his 12-month prison sentence is clearly and convincingly unsupported by the record would be frivolous.

{¶ 7} In accordance with our responsibilities under *Anders*, we independently have reviewed the record in search of non-frivolous issues and have found none. The trial court refused to accept Marshall's no-contest plea when he appeared in court on July 9, 2018 and claimed to have heard voices earlier that day. Despite its suspicion that he was not being truthful, the trial court ordered him to undergo a competency evaluation. The trial court later accepted the no-contest plea on August 7, 2018, after a forensic psychiatrist found Marshall competent and defense counsel stipulated to his competence. Before accepting the plea, the trial court engaged in a hearing in compliance with Crim.R. 11(C) and assured that Marshall's plea was knowing, intelligent, and voluntary. The trial court strictly complied with Crim.R. 11(C)(2)(c) with respect to the waiver of his constitutional rights. As for Crim.R. 11(C)(2)(a) and (b), which involve non-constitutional rights, the only possible issue we have found involves the trial court's obligation to tell Marshall that upon accepting his plea it could "proceed with judgment and sentence." *See* Crim.R. 11(C)(2)(b). We have not found this specific advisement in the plea-hearing transcript. But the omission unquestionably was non-prejudicial. The trial court specifically told

Marshall that it *was not* going to sentence him immediately and that it was going to order a PSI report first. The trial court then ordered the report and continued sentencing for two weeks. In addition, the plea form Marshall signed did advise him that upon acceptance of his plea, the trial court could proceed with sentencing. (Doc. # 69). Because the trial court postponed sentencing and the plea form contained the proper advisement, we see no possible prejudice stemming from the trial court's failure to tell Marshall that it could proceed immediately with sentencing. We find substantial compliance with Crim.R. 11(C)(2)(b). Any argument that the trial court's omission resulted in a prejudicially-defective plea is frivolous. *Compare State v. Reed*, 2d Dist. Montgomery No. 27215, 2017-Ohio-7001, ¶ 8 (finding no non-frivolous issue for appeal under similar circumstances).

**{¶ 8}** Having found no non-frivolous issues for appellate review, we affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck
Andrew T. French
Carl Bryan
Rodney J. Marshall, Jr.
Hon. Mary Katherine Huffman