**[Cite as *State v. Mills*, 2021-Ohio-326.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28799 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-3389 |
| | : | |
| MICHAEL D. MILLS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of February, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
　　　Attorney for Plaintiff-Appellee

HILARY LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Michael D. Mills pled guilty to carrying a concealed weapon, a felony of the fourth degree, for which he received a prison sentence of 18 months. His appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal and asking permission to withdraw as counsel. On October 15, 2020, we notified Mills that his counsel had found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. He has not filed a brief.

{¶ 2} Mills was driving a vehicle on October 15, 2019 in Dayton. After a traffic stop, he was found not to have a valid driver's license. An inventory of the vehicle revealed a loaded .38 caliber revolver under the driver's seat. Mills admitted the gun was his.

{¶ 3} Mills was charged with carrying a concealed weapon and improper handling of a firearm in a motor vehicle. On February 11, 2020, a plea agreement was made: in exchange for a plea to the carrying a concealed weapon charge, the improper handling charge would be dismissed. After a complete and thorough Crim.R. 11 colloquy, Mills knowingly, intelligently and voluntarily pled guilty to the charge.

{¶ 4} A presentence investigation (PSI) was ordered, and the case came before the court for sentencing on March 24, 2020. On that date, Mills was informed that the court intended to impose a prison sentence, and he fled the courthouse. A warrant was issued for his arrest. Sentencing was later conducted on April 7, 2020. The record reflects that the court considered the PSI, the purposes and principles of sentencing, and the risk and recidivism factors of the Revised Code. The PSI revealed Mills had two juvenile felony adjudications, each of which resulted in a commitment to the Department of Youth

Services. As an adult, Mills's record included four prior felony convictions, three prior prison terms, multiple misdemeanor violations and failures at prior supervision. The court imposed a sentence of 18 months in prison and correctly advised Mills about post-release control.

**Potential Assignment of Error**

{¶ 5} Counsel's brief raises a potential assignment of error that questions whether Mills's maximum prison sentence was unduly harsh and whether the trial court properly considered the purposes of sentencing in R.C. 2929.11 or properly considered the seriousness of the crime or the likelihood of recidivism in R.C. 2929.12.[1]  In regard to the maximum sentence that was imposed, our review is limited. We have repeatedly ruled that based upon the language of R.C. 2953.08(G)(2), when a sentence is not contrary to law, we may only vacate or modify a felony sentence if we find by clear and convincing evidence that the record does not support the sentence. *State v. Barnett*, 2d Dist. Montgomery No. 27660, 2018-Ohio-4133, citing *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231. Here, given Mills's prior convictions and prison sentences, his failures at prior supervision, and his disappearance from the courthouse, there is simply no reasonable argument that the trial court's sentence was clearly and convincingly contrary to the record. That potential assignment of error is frivolous.

{¶ 6}  Regarding R.C. 2929.11 and 2929.12, recently the Supreme Court held in *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, that appellate review of a sentence "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record

---

[1] The brief inaccurately refers to R.C. 2929.13 for the seriousness and recidivism factors.

under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 39. Therefore, a sentence cannot be reversed "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 29. Given the holding in *Jones,* the potential assignment of error has no arguable merit insofar as it references R.C. 2929.11 and R.C. 2929.12.

### *Anders* Review

{¶ 7} We also have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the docket, the various filings, the PSI, the written transcript, and the sentencing disposition. We have found no non-frivolous issues for review.

{¶ 8} We grant counsel's request to withdraw from representation and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Hilary Lerman
Michael D. Mills
Hon. Mary Katherine Huffman