[Cite as *State v. Buckley*, 2022-Ohio-1873.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :   Appellate Case No. 2021-CA-9
                                       :
v.                                     :   Trial Court Case No. 2020-CR-168
                                       :
PATRICK W. BUCKLEY                      :   (Criminal Appeal from
                                       :   Common Pleas Court)
    Defendant-Appellant                :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2022.

. . . . . . . . . . .

R. KELLY ORMSBY, Atty. Reg. No. 0020615, Prosecuting Attorney, Darke County
Prosecutor's Office, Darke County Courthouse, 3rd Floor, 504 South Broadway Street,
Greenville, Ohio 45331
        Attorney for Plaintiff-Appellee

H. MICHELE THOMAS, Atty. Reg. No. 0082848, P.O. Box 695, Eaton, Ohio 45320
        Attorney for Defendant-Appellant

PATRICK W. BUCKLEY, #971698, Putnamville Correctional Facility, 1746 West U.S.
Highway 40, Greencastle, IN 46135

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Patrick W. Buckley appeals from his convictions for having weapons while under disability, aggravated burglary, and failure to comply with an order or signal of a police officer. Buckley's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she represents that she has found no potentially meritorious issues for review. This Court granted Buckley an opportunity to file his own pro se brief, and he has done so. On March 22, 2022, this Court issued a show cause order, ordering the State to file a brief or show cause why this Court should not submit the matter without the State's brief; the State has not responded. We have performed our duty pursuant to *Anders* to independently review the entire record, and we have found no potential assignments of error having arguable merit.

{¶ 2} Buckley was indicted on October 23, 2020, on the following charges: one count of breaking and entering, a felony of the fifth degree, in violation of R.C. 2911.13(A); one count of grand theft (firearm) in violation of R.C. 2913.02(A)(1)/(B)(4) and one count of grand theft (motor vehicle) in violation of R.C. 2913.02(A)(1)/(B)(5), felonies of the fourth degree; one count of having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3); one count of aggravated burglary, with a firearm specification, a felony of the first degree, in violation of R.C. 2911.11(A)(1)(2); and one count of failure to comply with an order or signal of a police officer, a felony of the fourth degree, in violation of R.C. 2921.331(B)/(C)(4).

{¶ 3} On August 5, 2021, Buckley entered guilty pleas to having weapons while

under disability, aggravated burglary, and failure to comply with an order or signal of a police officer. The remaining offenses and the firearm specification were dismissed. The court advised Buckley that the "possible penalties" for the offenses to which he pled "could be up to 15-and-a-half to 21 years and then $35,000 in fines"; Buckley acknowledged his understanding. Buckley's plea form also stated the maximum sentence for each offense, with a total maximum term of 15½ to 21 years. The court sentenced Buckley to a minimum term of six mandatory years to a maximum term of nine years for aggravated burglary, to be served concurrently with a sentence Buckley was then serving at the Putnamville Correctional Facility in Indiana. The court imposed court costs on the other two counts. The plea hearing and sentencing were conducted via video conferencing due to Buckley's incarceration in Indiana.

{¶ 4} Counsel for Buckley asserts two potential assignments of error. The first potential assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE OF SIX (6) TO [NINE] (9) YEARS WHEN THE CO-DEFENDANT, CHARGED WITH EXACTLY THE SAME CRIMES WAS SENTENCED TO THREE (3) AND FOUR AND A HALF (4.5) YEARS.

{¶ 5} Buckley's pro se brief also addresses his sentence; it states that he "appeals length of sentence." The pro se brief also argues that the trial court "used an old out dated" presentence investigation report (PSI) from Indiana. According to Buckley, if the trial court had conducted its own PSI, it would have known that he had no pending charges in in Preble County, Ohio.

{¶ 6} Counsel for Buckley directs our attention *State v. Mills*, 2d Dist. Montgomery No. 28799, 2021-Ohio-326, another *Anders* case, in which this Court determined as follows:

Counsel's brief raises a potential assignment of error that questions whether Mills's maximum prison sentence was unduly harsh and whether the trial court properly considered the purposes of sentencing in R.C. 2929.11 or properly considered the seriousness of the crime or the likelihood of recidivism in R.C. 2929.12. In regard to the maximum sentence that was imposed, our review is limited. We have repeatedly ruled that based upon the language of R.C. 2953.08(G)(2), when a sentence is not contrary to law, we may only vacate or modify a felony sentence if we find by clear and convincing evidence that the record does not support the sentence. *State v. Barnett*, 2d Dist. Montgomery No. 27660, 2018-Ohio-4133, citing *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231. Here, given Mills's prior convictions and prison sentences, his failures at prior supervision, and his disappearance from the courthouse, there is simply no reasonable argument that the trial court's sentence was clearly and convincingly contrary to the record. That potential assignment of error is frivolous.

Regarding R.C. 2929.11 and 2929.12, recently the Supreme Court held in *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, ___ N.E.3d ___, that appellate review of a sentence "does not provide a basis for an

appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 39. Therefore, a sentence cannot be reversed "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 29. Given the holding in *Jones,* the potential assignment of error has no arguable merit insofar as it references R.C. 2929.11 and R.C. 2929.12.

(Footnote omitted.) *Id.* at ¶ 5-6.

**{¶ 7}** Buckley's PSI from Indiana, which was completed on March 8, 2021, reflected that he had "at least 23 misdemeanor convictions, 8 misdemeanor counts dismissed, 29 felony convictions, and 13 felony counts dismissed." His lengthy criminal history dates back to 1994.

**{¶ 8}** At the plea hearing on August 5, 2021, the trial court asked Buckley if he had any other pending criminal charges anywhere, and he said no, but that he expected some charges to be filed in Preble County. Buckley informed the court that he expected the charges to be "a receiving stolen property and a grand theft charge along with a second grand theft auto from the same incident." Buckley's attorney, who did not represent him in the Preble County matter, did not know the exact nature of those charges. The court then explained that sentences in any other matter could be added the sentence it imposed and that the sentence in this case "could be consecutive to what's being served in Indiana." Buckley indicated that he understood.

**{¶ 9}** Defense counsel represented to the court that Buckley's co-defendant had

been charged with similar offenses and had entered a plea of guilty to aggravated burglary, a first-degree felony, earlier that year; the co-defendant was sentenced to an indeterminate three-to-four-and-a-half year prison term. Defense counsel requested that the court impose the same sentence on Buckley. Counsel represented that Buckley's expected release date in Indiana was January 6, 2023.

{¶ 10} In imposing sentence, the court noted that Buckley was not similarly situated to his co-defendant because Buckley had, "at least by Indiana's count, 29 felony convictions and 13 felony counts dismissed," plus prior prison sentences out of Preble County. For this reason, the court indicated that it did not think Buckley should receive the same sentence as the co-defendant, and Buckley acknowledged his understanding. The court imposed a six-year minimum to nine-year maximum prison sentence in this case, to be served concurrently with the sentence Buckley was then serving in Indiana, "[s]o what that does is make a parallel of three to four years additional time that could be served because it is concurrent." Buckley again acknowledged his understanding.

{¶ 11} Buckley's sentence is not contrary to law. It fell within the statutory framework for a felony of the first degree. *See* R.C. 2929.14(A)(1)(a). Buckley knew that he was potentially subject to further prosecution in Preble County, and the court was free to consider the charges that were dismissed as part of the plea deal. We see no error in the court's reliance on the Indiana PSI. The court imposed a sentence that was "parallel" or commensurate with Buckley's co-defendant's sentence, factoring in Buckley's completion of his sentence in Indiana. Both defense counsel's first potential assignment of error and Buckley's pro se argument about his sentence are wholly

frivolous and without merit.

{¶ 12} Appellate counsel's second potential assignment of error is as follows:

THE TRIAL COURT ERRED IN CONDUCTING THE CHANGE OF PLEA AND SENTENCING HEARING VIA VIDEO-CONFERENCE RATHER THAN WITH THE DEFENDANT PHYSICALLY PRESENT.

{¶ 13} Crim.R. 43(A) provides:

(1) Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict. * * *

(2) Notwithstanding the provisions of division (A)(1) of this rule, in misdemeanor cases or in felony cases where a waiver has been obtained in accordance with division (A)(3) of this rule, the court may permit the presence and participation of a defendant by remote contemporaneous video for any proceeding if all of the following apply:

(a) The court gives appropriate notice to all the parties;

(b) The video arrangements allow the defendant to hear and see the proceeding;

(c) The video arrangements allow the defendant to speak, and to be seen

and heard by the court and all parties;

(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

(e) The proceeding may involve sworn testimony that is subject to cross examination, if counsel is present, participates and consents.

(3) The defendant may waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court.

**{¶ 14}** Buckley did not object to proceeding via video-conference, and counsel for Buckley signed a "Consent to Audio/Video Appearance" on his behalf. Buckley stated on the record that he was able to see and hear the proceedings, and the court could clearly hear Buckley. The court stated to Buckley: "An audio/video connection is supposed to be the same as being here. So if you have problems seeing or hearing or if you have questions, you need to say so which gives me then a chance to help resolve the problem"; Buckley acknowledged his understanding. The court also told to Buckley that if he needed additional time to talk confidentially with his attorney, he should tell the court and arrangements would be made for confidential discussion; Buckley agreed. We agree with counsel that this potential assignment of error is wholly frivolous.

**{¶ 15}** Pursuant to our independent review of the record required by *Anders,* 386

U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we find no issues with arguable merit and find this appeal to be wholly frivolous.

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

R. Kelly Ormsby
H. Michele Thomas
Patrick W. Buckley
Hon. Jonathan P. Hein