[Cite as *State v. Henry*, 2022-Ohio-4315.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-753 |
| | : | |
| JAMES HENRY, II | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of December, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

COLIN P. COCHRAN, Atty. Reg. No. 0098448, P.O. Box 293043, Dayton, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} James Henry II appeals from his conviction on one count of aggravated drug possession, a fifth-degree felony.

{¶ 2} Henry's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. We concur in counsel's assessment. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} A grand jury indicted Henry on charges of aggravated drug possession and illegal conveyance of drugs into a detention facility. He subsequently pled guilty to aggravated drug possession in exchange for dismissal of the illegal-conveyance charge. The plea agreement also provided for the preparation of a presentence-investigation report prior to sentencing. The trial court later held a sentencing hearing at which it heard from Henry and his attorney. After reviewing a presentence-investigation report and considering the statutory "seriousness" and "recidivism" factors and other sentencing criteria, the trial court imposed a 12-month prison term with two years of discretionary post-release control. It ordered the prison term to be served consecutive to an existing 12-month prison term Henry was serving in another case.

## II. Analysis

{¶ 4} Under *Anders*, we must conduct an independent review to determine whether Henry's appeal is wholly frivolous. "*Anders* equates a frivolous appeal with one that

presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 5} Appointed appellate counsel concludes that Henry's guilty plea was entered knowingly, intelligently, and voluntarily in compliance with Crim.R. 11(C). Counsel also notes that the trial court's sentence was within the authorized range and was not contrary to law. Counsel points out that the trial court considered the statutory seriousness and recidivism factors and other criteria that guide felony sentencing. Counsel notes too that the trial court made all required consecutive-sentence findings and incorporated them into its judgment entry. Finally, counsel indicates that he can find no basis for an ineffective-assistance claim.

{¶ 6} Notwithstanding the foregoing conclusions, appointed appellate counsel asks us to consider certain concerns Henry expressed to counsel. As conveyed by counsel, those concerns include (1) Henry's not being told by his trial counsel that a presentence investigation was part of the plea agreement and (2) personal bias against him by the trial court judge. Appointed counsel concludes that these issues lack arguable merit, and we agree. Henry acknowledged during the plea hearing that a presentence investigation would be conducted. *See* January 14, 2022 Plea Transcript at 6. As for his

concerns about judicial bias, he did not raise any concerns on the record below, and we see no basis for a finding of judicial bias.

{¶ 7} Finally, in accordance with our responsibilities under *Anders*, we have conducted an independent review of the record and have found no non-frivolous issues for appeal. With regard to Henry's plea, the trial court did fail to inform him that upon accepting the guilty plea it could proceed immediately with sentencing. *See* Crim.R. 11(C)(2)(b). We have not found this specific advisement in the plea-hearing transcript. But the omission indisputably was non-prejudicial. The trial court made clear to Henry that it in fact was not going to sentence him immediately and that it was going to order a presentence investigation first. *See* January 14, 2022 Transcript at 6. In addition, the plea form Henry signed correctly advised him that upon acceptance of his plea, the trial court could proceed with sentencing. Because the trial court postponed sentencing and the plea form contained the proper advisement, we see no possible prejudice stemming from the trial court's failure to state that it could proceed immediately with sentencing. We repeatedly have found frivolous any argument that such an omission resulted in a prejudicially-defective plea. *See State v. Reed*, 2d Dist. Montgomery No. 27215, 2017-Ohio-7001, ¶ 8; *State v. Strawsburg*, 2d Dist. Clark No. 2018-CA-14, 2018-Ohio-4764, ¶ 5; *State v. Marshall*, 2d Dist. Montgomery No. 28131, 2019-Ohio-646, ¶ 7.

{¶ 8} With regard to sentencing, we see no non-frivolous issue regarding the trial court's imposition of a 12-month prison sentence consecutive to an existing sentence Henry was serving. The trial court noted that his criminal history included seven prior felony offenses, multiple misdemeanors, and five prior prison terms. Any argument that

the record clearly and convincingly fails to support the trial court's consecutive-sentence findings would be wholly frivolous.

{¶ 9} We also have considered a potential issue regarding a breach of Henry's plea agreement by the trial court. As noted above, the agreement provided for Henry to plead guilty to aggravated drug possession in exchange for dismissal of an illegal-conveyance charge and the preparation of a presentence investigation report prior to sentencing. Consequently, when accepting Henry's guilty plea, the trial court explained to him that it would "dismiss count two, order a presentence investigation and schedule sentencing for a later date[.]" *See* January 14, 2022 Transcript at 6.

{¶ 10} The record reflects, however, that the trial court apparently did not order a presentence investigation. In response to a July 29, 2022 remand from this court to clarify what, if any, presentence investigation report it reviewed when sentencing Henry, the trial court stated that it was "not certain." It explained, however, that it believed it had relied on an existing presentence investigation report that had been prepared just a few months earlier in another drug case involving Henry. As a result, the trial court made that report part of the record in this case.

{¶ 11} The trial court's apparent failure to order a presentence investigation in this case raises a potential issue regarding a breach of the plea agreement. We note, however, that Henry and his counsel had a right to review and comment on any presentence investigation report prior to sentencing. *See* R.C. 2951.03(B)(1) and (2). They could have used that process to discover and to object to the trial court's

consideration of an existing report in lieu of having a new one prepared.[1] Given counsel's failure to object to the trial court's consideration of the old report, appellate review would be limited to plain error, which does not exist. Indeed, we see no conceivable prejudice to Henry arising from the trial court's consideration of an existing presentence investigation report that was only months old.

{¶ 12} In *State v. Buckley*, 2d Dist. Darke No. 2021-CA-9, 2022-Ohio-1873, which also was an *Anders* appeal, we similarly found no non-frivolous issue arising from the trial court's consideration of an existing presentence investigation report that was months old. *Id*. at ¶ 11. The only apparent difference between *Buckley* and the present case is that the preparation of a presentence investigation report does not appear to have been a term of a plea agreement in *Buckley*. But even if the trial court's failure to have a new report prepared in Henry's case constituted a breach of his agreement, *Buckley* supports the proposition that he was not prejudiced, and we find no plain error. *See also State v. Leonard*, 8th Dist. Cuyahoga No. 88299, 2007-Ohio-3745, ¶ 19-20 (finding no plain error where the defendant failed to object to the trial court's reliance on a three-year-old presentence investigation report).

### III. Conclusion

{¶ 13} Having found no non-frivolous issues for appellate review, we affirm the judgment of the Clark County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

---

[1] In fact, it appears that defense counsel may have reviewed the report upon which the trial court relied. At sentencing, defense counsel began by noting that he had "reviewed the pretrial investigation." January 20, 2022 Transcript at 3.

Copies sent to:

Ian A. Richardson
Colin P. Cochran
James Henry, II
Hon. Douglas M. Rastatter